UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
Ramel FREEMAN,

               Plaintiff,

    -against-

N.Y.C. DEPARTMENT OF CORRECTION, Warden Lisa
COOPER of Otis Bantum Correctional Center / Central
Punitive Segregation Unit,

               Defendants.
------------------------------------------------------------------ X

NOT FOR PUBLICATION

14-CV-4903 (ARR) (RLM)

OPINION & ORDER

ROSS, United States District Judge:

    Plaintiff, Ramel Freeman, proceeding pro se, brings this action against the New York City Department of Corrections and Community Supervision and Warden Lisa Cooper of the Otis Bantum Correctional Center on Rikers Island. Plaintiff asserts that defendants temporarily denied him religious benefits, law library benefits, and recreation benefits while he was incarcerated at the Otis Bantum facility.

    Defendants have moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court finds that plaintiff's complaint must be dismissed with leave to replead because it fails to offer sufficient facts. Additionally, the action against the Department of Corrections must be dismissed because the proper defendant for claims of municipal liability is the City of New York.

## BACKGROUND

The following facts are drawn from the complaint and plaintiff's June 15, 2015 letter to



1

the court. Plaintiff alleges that during the two weeks from May 29, 2014 to June 12, 2014, he and other prisoners were denied "religious benefits." On May 29, 2014, plaintiff requested to attend Jewish services but an unnamed corrections officer told plaintiff that the warden had decided to "stop letting the prisoners get (Religious Benefits) [sic]." Compl., at 5/8; Pl. Letter dated 6/15/15, at 1. Captain Jones told plaintiff to submit a grievance form. Plaintiff does not provide any other details of these religious benefits, his religious beliefs, or how religious benefits were provided before May 29 or after June 12.

Plaintiff also alleges that during the same two weeks, he and others did not receive "law library benefits." Compl., at 5/8. On May 29, 2014, the corrections officer responsible for announcing access to the law library entered plaintiff's housing block, 2-South, and signed the log book without walking around or announcing himself. Id.; Pl. Letter dated 6/15/15, at 1-2. It appears that correction officers were expected to walk past the cells to announce when law library benefits were available, but that these officers did not make a full tour of the cells or failed to make the announcement, thereby depriving the prisoners of their opportunity to use the library.

Finally, plaintiff alleges that on seven specific days in June 2014, he was denied "recreation benefits." Compl., at 5-6/8. The plaintiff further alleges that recreation officers Ms. Knight, Ms. Canbell, Ms. Barfeel, and Mr. Black, walked around "to make things look good for the cameras," but did not announce the opportunity for recreation. Id. at 6/8. Officer Knight "only comes to 2-South to give recreation when she feels like it." Pl. Letter dated 6/15/15, at 2. When prisoners declared that the recreation officers were walking around, the officers responded by denying all the prisoners any time outdoors. Compl., at 5-6/8. Plaintiff alleges that "[r]recreation has always been a problem at O.B.C.C.-C.P.S.U and Warden Cooper and the New

York City Department of Correction have knowledge of this matter

Plaintiff demands $5.6 million as compensation and requests that the officers "should be replaced by those who know how to conduct and operate in a professional manner" regarding prisoners' privileges and civil rights. Id. at 8/8.

On April 27, 2015, defendants requested the court's leave to file a motion to dismiss the complaint under Rule 12(b)(6). Dkt. #8. On April 30, 2015, the court granted defendants permission to bring the motion and set a briefing schedule. Pursuant to that briefing schedule, defendants served plaintiff with the motion to dismiss and supporting papers on May 5, 2015. Dkt. #11. Plaintiff had until May 26, 2015, to file his opposition to defendants' motion. As of this date, the court has not received any documents labeled as opposition papers, but has received plaintiff's June 9 letter describing delayed delivery of his mail due to transfers between correctional facilities, in which he claims to have submitted his papers on May 28, 2015. Dkt. #16. The court has also received a letter dated June 15, 2015, in which plaintiff elaborates on some aspects of the events that gave rise to his complaint. Dkt. #17.

In this case, the court need not delay its ruling in the hopes that plaintiff's May 28 papers will arrive. "[A] motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the court corners of the complaint," so, even without the benefit of opposition papers, "the district court is equipped to make a determination on the merits." Goldberg v. Danaher, 599 F.3d 181, 183 (2d Cir. 2010).

## DISCUSSION

**1.    Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 555-56; Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004). Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, it is well settled that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to construe a plaintiff's pro se complaint liberally and to interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

**2. 1983 Claims**

Plaintiff seeks relief under 42 U.S.C. 1983, so he must allege the two basic elements of a 1983 claim. First, he must allege misconduct by a person acting under color of state law. See Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998). Second, he must allege that the misconduct violated a right or privilege "secured by the Constitution or the laws of the United States." Id. Although it is clear that plaintiff's complaint is aimed at the misconduct of state actors, plaintiff's failure to provide relevant details about his case makes it difficult for this court to determine whether the alleged misconduct could give rise to a legal claim.

### A. Religious Benefits

Plaintiff's claim regarding religious benefits is best construed as alleging a violation of his free exercise rights under the First Amendment. "To assess a free exercise claim, a court must

4

determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers some legitimate penological objective." Farid v. Smith, 850 F.2d 917, 926 (2d Cir. 1988)

Thus, in order for plaintiff's complaint to survive a motion to dismiss he must provide facts that would give the court some basis to conclude that each of these three elements is plausible. See Twombly, 550 U.S. at 555. Plaintiff's complaint fails to provide these foundational facts, so this claim must be dismissed.

### B. Law Library Benefits

There is no "abstract, freestanding right to a law library," so an inmate challenging limited access to a law library must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id. Thus, the legal significance of plaintiff's access to the law library depends on whether he hoped to make certain legal claims during his time at O.B.C.C. See Benjamin v. Fraser, 264 F.3d 175, 184 (2d Cir. 2001). Plaintiff's June 15, 2015 letter states that on May 29, 2014, he sought access to the law library in order to file a grievance concerning the denial of religious benefits, but the letter does not explain his need to access the law library on other days. In short, plaintiff needs to explain what kinds of benefits he was denied, why he was trying to access the law library, and why this denial barred him from pursuing a legal claim. Without these specific facts,

the claim is too sparse to survive a motion to dismiss.

### C. Recreation Benefits

Plaintiff's claim about recreation benefits is best construed as a constitutional challenge to his conditions of confinement. This claim has both an objective element—that the denial of recreation "violated contemporary standards of decency"—and a subjective element—that the officers acted, or omitted to act, with a "sufficiently culpable state of mind," i.e., with "deliberate indifference to inmate health or safety." Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994). Although Plaintiff has sufficiently alleged the subjective element, he has not explained why the denial of recreation benefits caused him harm, or what these benefits entailed, so the claim must be dismissed.

## 3. Improper Defendants

### A. Warden Cooper

Plaintiff's complaint and letter imply that his religious benefits and recreation benefits were denied under the orders of Warden Cooper, or at least with her knowledge, but his claim for deprivation of law library benefits does not allege the involvement of Warden Cooper. Therefore, Warden Cooper is not a proper defendant for this claim. The proper defendants are the individual officers who supposedly deprived plaintiff of the benefits. In order to make Warden Cooper a proper defendant, plaintiff must provide enough facts so that the court could infer Warden Cooper's:

(1) actual direct participation in the constitutional violation, [or]

(2) failure to remedy a wrong after being informed through a report or appeal [or]

(3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, [or]

(4) grossly negligent supervision of subordinates who committed a violation, or

(5) failure to act on information indicating that unconstitutional acts were occurring. Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003).

Without facts that tend to show that Warden Cooper was personally involved in the denial of law library benefits, under one of the five theories listed above, she cannot be a proper defendant for these claims.

### B. Department of Corrections

The Department of Corrections, an agency of the City of New York, is not a proper defendant because claims must be brought against the City itself. "Even holding [plaintiff]'s allegations to a less stringent pro se standard, it is clear that in naming DOC as a defendant, he has sued a non-suable entity." Lovanyak v. Cogdell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996). As to the DOC only, the motion to dismiss is granted and the action against it is dismissed with prejudice.

### 3. Leave to Replead

The court is mindful that plaintiff is proceeding pro se and must consider whether he should be given an opportunity to replead his claims. A court generally should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002). However, leave to amend need not be given where it is clear that amendment would be futile. E.g., Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011); Xiang Li v. Morrisville State Coll., 434 F. App'x 34, 35 (2d Cir. 2011). Amendment would be futile if, even when better pleaded, the claim would not survive a motion to dismiss. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002); see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Here, amendment would not necessarily be futile. With sufficient additional facts about

7

his religious practices, plaintiff could make out a First Amendment claim. With sufficient additional facts about the law library benefits, plaintiff could argue that he was deprived of his right to prepare a complaint. And, although it is unlikely that the denial of recreation benefits over a few days could amount to a constitutional claim, the court cannot determine this with certainty, due to plaintiff's lack of detail.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. Plaintiff's action against the Department of Corrections is dismissed with prejudice, for it is not a proper party. Plaintiff's claims against the remaining defendants are dismissed without prejudice, and the court grants plaintiff leave to replead his claims.

In an abundance of caution, the Court grants plaintiff thirty (30) days from the date of this order in which to file an amended complaint. Cruz v. Gomez, 202 F .3d 593 (2d Cir. 2000). The amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and should provide facts that explain the denied benefits and show the personal involvement of individual officers, who should be listed as defendants along with the City of New York. If the names of the specific officers are unknown, they can be listed as Officer Unknown #1, Officer Unknown #2, and so forth.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint and in the plaintiff's June 15, 2015 letter to the court. The amended complaint must be captioned as an "Amended Complaint" and should the same docket number as this order: 14-CV-4903.

If plaintiff fails to comply with this order by July 19, 2015, the court will enter a judgment dismissing this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                           s/Allyne R. Ross
                                                                           Allyne R. Ross
                                                                           United States District Judge

Dated:      June 19, 2015
               Brooklyn, New York

SERVICE LIST

Ramel Freeman
#14-A-4598
Coxsackie Correctional Facility
11260 Route W
P.O. Box 200
Coxsackie, NY 12051
PRO SE